UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Charles G. Gittens,

                Plaintiff,

           - against -

Michael J. Astrue, Commissioner of Social
Security,

                Defendant.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/13
```

12 Civ. 3224 (NSR) (GAY)

**Memorandum & Order**

**NELSON S. ROMÁN, United States District Judge:**

    Charles Gittens ("Plaintiff"), through counsel, seeks review under 42 U.S.C. § 405(g) of a decision by the Commissioner of Social Security ("Defendant") denying his claim for Social Security Disability ("SSD") benefits. The parties filed cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). This case was previously referred to Magistrate Judge George A. Yanthis. On July 30, 2013, Judge Yanthis issued a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) recommending that Defendant's cross-motion be granted. For the following reasons, Defendant's cross-motion for judgment on the pleadings is granted.

### Background[1]

    Plaintiff challenges the Commissioner of Social Security's denial of his application for disability insurance benefits. Plaintiff worked as a New York City Police officer for twenty years. Plaintiff alleges that he is disabled due to chronic Hepatitis C, glaucoma, and Chronic

---

[1] Facts are taken from the R & R, unless otherwise noted.

Obstructive Pulmonary Disease. Plaintiff timely requested a hearing on July 21, 2004, which was held on March 14, 2006. On March 31, 2006, an Administrative Law Judge ("ALJ") Brian W. Lemoine denied Plaintiff's claim for "lack of disability." (Compl. ¶ 1.) Plaintiff requested review of the hearing decision, but the Appeals Council denied his request for review. This denial rendered ALJ Lemoine's decision the final decision of the Commissioner, subject to judicial review.

The parties stipulated to a remand. Def. Memo. In Opp. at 3. On August 1, 2011, this Court remanded the matter to the Commission for further proceeding. *Id.* On January 31, 2012, a hearing was held before ALJ Katherine Edgell. Tr. At 528-67. The Appeals Council vacated ALJ Lemoine's previous decisions prior to the remand. On February 16, 2012, ALJ Edgell found that plaintiff was not disabled within the meaning of the Social Security Act. Tr. at 499-507. ALJ Edgell's decision became the final decision of the Commissioner, subject to judicial review.

On April 24, 2012, Plaintiff filed the instant action, asserting that the decision to deny him benefits was not supported by substantial evidence and was contrary to law and regulation. (Compl. ¶ 16.) Plaintiff filed a motion for judgment on the pleadings on January 7, 2013. Defendant filed a cross-motion for judgment on the pleadings on April 5, 2013.

On July 30, 2013, Magistrate Judge Yanthis issued the R & R recommending that this Court grant Defendant's motion for judgment on the pleadings. Neither party has filed written objections to the R & R.

### Discussion

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if

appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. *A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, as neither party objected to the R & R of Judge Yanthis, the Court reviews the recommendation for clear error. The Court finds no error on the face of the Report and Recommendation. Substantial evidence supported the ALJ's determination that plaintiff could return to his past relevant work as a detective, a ceremonial officer, and/or a police instructor. Record evidence supports the ALJ's finding that plaintiff is not disabled under the Social Security Act. The Court adopts the Report and Recommendation in its entirety.

## Conclusion

For the reasons stated above, this Court adopts Magistrate Judge Yanthis's Report and Recommendation in its entirety. Defendant's cross-motion for judgment on the pleadings is, therefore, GRANTED. The Clerk of Court is directed to terminate the motion at docket numbers 12 and 21. The Clerk of Court is directed to close this case.

Dated: August 26, 2013
       White Plains, New York

SO ORDERED:

_____ 8/26/13
NELSON S. ROMÁN
United States District Judge